UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

FREDRICK L. HODGES,
  Plaintiff,

vs.  No. 09-1211,

STEVE SETTINGARD, et.al.,
  Defendants

## MERIT REVIEW ORDER

This cause is before the court for merit review of the plaintiff's complaint. The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

The plaintiff, a state prisoner, has filed his complaint pursuant to 42 U.S.C. §1983 against seven Peoria Police Officers including Chief Steve Settingard, Daniel Duncan, Chad Batterham, Erin Barish, Brad Dixon, John Couve and Officer Miller. The plaintiff does not clearly state claims against each defendant, but instead provides a narrative account of his stop and arrest.

The plaintiff says on August 1, 2007, "a search warrant was served" at a Peoria residence that had the plaintiff's name listed. (Comp., p. 4). The plaintiff says he was leaving the residence at the time police arrived and police forcibly stopped the vehicle without identifying themselves. The plaintiff also alleges police damaged the vehicle, but says he did not own the car. The plaintiff says he did not know who the officers were or even that they were police officers, so he started to run until he was hit with a tazer.

The plaintiff then details the remainder of this stop and arrest. The plaintiff appears to be claiming that officers used excessive force during the stop in violation of his constitutional rights. The plaintiff also appears to be claming the defendants violated his Fourth Amendment rights during the stop when they forced him to stand without his pants on in front of several people while they searched for drugs.

The plaintiff also mentions that the officers took him to the police station and questioned him about a variety of things without reading him his *Miranda* rights. The court notes that the Illinois Department of Corrections Records indicate the plaintiff was taken into custody on

1

August 1, 2007 and he was eventually convicted of two drug offenses including a Class X felony.  The plaintiff cannot bring claims in this court that would necessarily invalidate those convictions unless he can demonstrate that the criminal convictions have been invalidated.  *Heck v Humphrey,* 512 U.S. 477, 486-87 (1994).

Based on the record before the court at this point, the court will allow the plaintiff to proceed with his excessive force and Fourth Amendment claims.  During discovery, the plaintiff will have to clearly state how each defendant was involved in the allegations.

The court notes the plaintiff has also filed a motion for the appointment of counsel. [d/e 3].  Civil litigants have no federal right to appointed counsel.  The district court may request appointment of counsel under 28 U.S.C. § 1915(e)(1), but cannot force an attorney to accept appointment.  *Luttrell v. Nickel*, 129 F.3d 933,  936 (7th Cir.1997).  To decide whether counsel should be requested, the court asks,  "'[G]iven the difficulty of the case, [does] the plaintiff appear to be competent to try it himself and, if not, would the presence of counsel [make] a difference in the outcome?'"  *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995).   "Although a good lawyer may [do better than a *pro se* plaintiff], that is not the test, for if it was "'district judges would be required to request counsel for every indigent litigant.'" *Luttrell*, 129 F.3d at 936.   First, the plaintiff has demonstrated no effort to retain counsel on his own.  Second, the difficulties faced by the plaintiff are the same faced by all pro se prisoners. This case does not appear to be complex and the plaintiff has not shown enough factual merit to his claims to warrant an inference that counsel would make a difference in the outcome.

**IT IS THEREFORE ORDERED:**

**1)  The merit review hearing scheduled for July 22, 2009, is cancelled, writ vacated.  The clerk is to notify the plaintiff and his place of residence.**

**2) Pursuant to its merit review of the complaint under 28 U.S.C. Section 1915A, the court finds that the plaintiff states the following federal claims:**

>   **a) The named defendants used excessive force during their stop and arrest of the plaintiff on August 1, 2007.**
>
>   **b) The named defendants violated the plaintiff's Fourth Amendment rights when he was  forced to stand without his pants in front of several people while police searched for drugs.**

**2)  All other claims based on federal law, other than those set forth in paragraph (2) above, are dismissed for failure to state a claim pursuant to 28 U.S.C. Section 1915A.**

3)  This case shall proceed solely on those federal claims identified in paragraph (2) above. Any claims not set forth in paragraph (2) above shall not be included in the case, except in the court's discretion on motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15.

4) A Prisoner Scheduling Order shall be entered directing service and setting a Rule 16 conference date.

5)  A copy of this Case Management Order shall be served with the Complaint and Scheduling Order.

6)  The defendants shall file an answer within the time prescribed by Local Rule.  A motion to dismiss is not an answer.  The answer must be considered a responsive pleading under Federal Rule of Civil Procedure 15(a) and should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Case Management Order.

7) The plaintiff's motion for appointment of counsel is denied. [d/e 3]

    Entered this 10th Day of July, 2009.

                                               s\Harold A. Baker

                                         HAROLD A. BAKER
                               UNITED STATES DISTRICT JUDGE